Rachael L. Smiley (State Bar. No. 24066158)
Alex Campbell (State Bar No. 24095536)
**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Parkway, Suite 600
Plano, TX 75093
Phone: 972-378-9111
Fax:     972-378-9115
rsmiley@fbfk.law
acampbell@fbfk.law

**PROPOSED COUNSEL FOR DEBTOR IN POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re** | § § § | Chapter 11 |
| **POGO ENERGY, LLC,** | § § § § § | Case No. 21-31224-MVL |
| **Debtor.** | § § § | |

**DEBTOR'S EMERGENCY MOTION FOR AN INTERIM AND FINAL ORDER
(I) PROHIBITING UTILITIES FROM ALTERING, REFUSING,
OR DISCONTINUING SERVICE; AND (II) DETERMINING ADEQUATE
<u>ASSURANCE OF PAYMENT FOR FUTURE SERVICES</u>**

Pogo Energy, LLC ("**Debtor**"), file this *Emergency Motion for an Interim and Final Order (i) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service; and (ii) Determining Adequate Assurance of Payment for Future Services* (the "**Motion**"). In support of the Motion, the Debtor incorporates by reference the *Declaration of Phillip Terry in Support of First Day Motions and Applications*, dated July 1, 2021 (the "**First Day Declaration**") and respectfully represent as follows:

**DEBTOR'S EMERGENCY MOTION REGARDING UTILITY SERVICE**                                                 1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference of bankruptcy cases and proceedings in this District. This matter is a core proceeding, and venue for this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On July 1, 2021 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief in this Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

3. The Debtor remains in possession of its property and is operating its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. A detailed description of the Debtor's business, capital structure, and the events leading to these chapter 11 cases is fully set forth in the First Day Declaration and is incorporated herein by reference.

5. In connection with the operation of its business, the Debtor obtains telephone, internet, and/or other similar services (the "**Utility Services**") from a number of utility companies or their brokers (the "**Utility Companies**"). Attached as **Exhibit A** is a list of the Utility Companies that provide Utility Services to the Debtor as of the Petition Date (the "**Utility Service List**").[1]

6. Historically, the Debtor has generally paid amounts owed to the Utility Companies on a timely basis. Moreover, to the best of its knowledge, there are no defaults or arrearages of

---

[1] The inclusion of any entity on, as well as any omission of any entity from, the Utility Service List is not an admission by the Debtor that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights with respect thereto.

any significance with respect to the Debtor's undisputed invoices for Utility Services, other than payment interruptions that may be caused by the commencement of these chapter 11 cases.

7. In the twelve-month period prior to the Petition Date, the Debtor paid an average of approximately $54.00 per month on account of Utility Services. The Debtor estimates that its cost for Utility Services during the next thirty days (not including any deposits to be paid) will be approximately $54.00. Currently, to the best of the Debtor's knowledge, the Utility Companies hold no deposits on account of the Debtor's Utility Services.

## RELIEF REQUESTED

8. Uninterrupted Utility Services are essential to the Debtor's ongoing operations and the success of the Debtor's chapter 11 case. As described in the First Day Declaration, the Debtor provides electricity service to retail customers on a pay-as-you-go basis. Should any Utility Company refuse or discontinue service, even for a brief period, the Debtor's business operations could be severely disrupted, and such disruption could result in the loss of customers, which would, in turn, jeopardize the Debtor's reorganization efforts. It is, therefore, essential that the Utility Services continue uninterrupted during the chapter 11 case.

9. Pursuant to sections 105(a) and 366 of the Bankruptcy Code, the Debtor seeks entry of an interim order (the "**Interim Order**"), pending the entry of a final order or the Interim Order becoming a final order (the "**Final Order**"), (i) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtor's proposed adequate assurance; (ii) determining that the Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (iii) approving the Debtor's proposed offer of adequate assurance; and (iv) determining that the Debtor is not required to provide any additional adequate

assurance beyond what is proposed by this Motion. The Debtor also requests that, upon entry of the Interim Order, the Court schedule a final hearing (the "**Final Hearing**") on the Motion to consider the relief requested herein on a final basis.

## BASIS FOR RELIEF

**A.      Section 366 Protects Debtor from Disruption in Utility Services**

10.     Section 366 of the Bankruptcy Code protects a debtor from the immediate termination of utility services after commencing its case by preventing utility companies from altering, refusing, or discontinuing service to a debtor during the first thirty days of a chapter 11 case. Upon expiration of this period, however, a utility may choose to alter, refuse, or discontinue a chapter 11 debtor's utility service if during that 30-day period the utility "does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code provides that "assurance of payment" of postpetition charges may consist of, among other things a cash deposit or other form of security that is mutually agreed on between the utility and the debtor. *Id*. at § 366(c)(1)(A).

11.     Section 366 of the Bankruptcy Code merely requires that the assurance of payment be "adequate." Courts construing section 366(b) have long recognized that "adequate" assurance of payment does not require an absolute guarantee of the debtor's ability to pay. *See, e.g.*, *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) . . . does not require an 'absolute guarantee of payment.'") (internal citation omitted), *aff'd sub nom.*, *Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002); *see also In re Heard*, 84 B.R. 454, 458 (Bankr. W.D. Tex. 1987) (noting that the requirement under section 366(b) is "adequate assurance, not adequate protection" (internal quotations omitted)). In determining the amount of adequate assurance to provide, the

focus should be "on the need of the utility for assurance, and to require that the debtor supply *no more than that*, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Caldor, Inc.*, 117 F.3d at 650 (emphasis in original). The Court, therefore, should ensure that the utility is treating the debtor the same as it would treat a similarly situated customer that is not in bankruptcy. *See In re Whitaker*, 84 B.R. 934, 937 (Bankr. E.D. Pa. 1988).

12. Section 366(c) of the Bankruptcy Code provides clarity as to what constitutes assurance of payment and what factors must be excluded from a court's determination as to the adequacy of the assurance of payment. More specifically, section 366(c)(1) of the Bankruptcy Code defines "assurance of payment" to mean certain specified forms of security, thereby limiting a court's discretion as to what constitutes "other security" within the meaning of section 366(b) of the Bankruptcy Code. Further, section 366(c)(1)(B) of the Bankruptcy Code affirmatively excludes from the definition of assurance of payment the availability of an administrative expense priority claim. In addition, section 366(c)(3)(B) of the Bankruptcy Code eliminates certain factors from consideration in determining whether adequate assurance of payment had been provided.

13. While a court may no longer consider certain facts in determining what constitutes adequate assurance of payment, section 366(c) of the Bankruptcy Code continues to permit a court to determine the amount of deposit necessary to meet the adequate assurance standard.[2] Numerous courts have interpreted section 366 as permitting courts to determine what qualifies as adequate assurance of payment in the absence of an agreement between the debtor and the utility provider. *See, e.g., In re The Great Atl. & Pac. Tea Co., Inc.*, No. 11-CV-1338 (S.D.N.Y. Nov. 14, 2011) (affirming bankruptcy court approval of debtors' "two-week" utility deposit over utilities'

---

[2] Despite the language in section 366(c)(2) allowing a utility to take action against a debtor should the debtor fail to provide adequate assurance of payment that is "satisfactory" to the utility, section 366 does not require that the assurance provided be "satisfactory" once the Court determines the appropriate amount of adequate assurance.

objection that a "two-month" deposit was warranted); *In re Crystal Cathedral Ministries*, 454 B.R. 124, 129-30 (C.D. Cal. 2011) (collecting cases) ("[T]he Court finds more persuasive the cases permitting court intervention prior to a utility provider receiving what it demands. . . . [as] this interpretation best balances the protections afforded debtors and utility providers . . ."); *Bedford Town Condo. v. Wash. Suburban Sanitary Comm'n (In re Bedford Town Condo.)*, 427 B.R. 380, 383 (Bankr. D. Md. 2010) ("[N]either § 366(c)(2) nor (3)(A) require a debtor to pay the adequate assurance demanded by a utility before the Court can modify that amount.").

**B.    A Disruption in Utility Services would be Harmful to Debtor's Chapter 11 Efforts**

14.    The Utility Services are essential to the Debtor's ability to sustain its operations during its bankruptcy proceedings. Any interruption of the Utility Service to the Debtor's business would be severely disruptive to the Debtor's business operations and diminish the Debtor's ability to maximize the value of its estate for the benefit of creditors and parties in interest.

15.    The relief requested herein provides the Utility Companies with a fair notice and the opportunity to object to the proposed adequate assurance and will ensure that the Debtor's operations will not be disrupted. Without the Adequate Assurance Procedures (as defined below), the Debtor could be forced to address numerous requests by Utility Companies in a disorganized manner at a critical period in this chapter 11 case and during a time when the Debtor's efforts could be more productively focused on the continuation of its operations for the benefit of all parties in interest. Therefore, application of the Court's power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" is appropriate in this instance. *See* 11 U.S.C. § 105(a).

C.  **Proposed Adequate Assurance**

16. Section 366(c) of the Bankruptcy Code defines "adequate assurance of payment" to mean:

(i) a cash deposit
(ii) a letter of credit
(iii) a certificate of deposit
(iv) a surety bond
(v) a prepayment of utility consumption; or
(vi) another form of security that is mutually agree on between the utility and the debtor or Trustee.

11 U.S.C. § 366(c). The Debtor intends to timely pay all post-petition obligations owed to the Utility Companies and expects that available funds will be more than sufficient to pay all such obligations. Based on the availability of funds to timely honor all post-petition obligations to the Utilities, the Debtor proposes that the Utilities have adequate assurance of its future performance of its obligation (the "**Proposed Adequate Assurance**"), in accordance with section 366(c)(iv), and that no additional deposit, security, or other assurance of payment is or should be required for the Utility Services.

D.  **Objections to the Proposed Adequate Assurance**

17. To ensure that any objections to the Proposed Adequate Assurance may be heard by the Court prior to the running of the thirty-day period following the Petition Date, the Debtor proposes that any Utility Company who objects to the Proposed Adequate Assurance described above be required to file and serve a written objection on the Debtor, so that it is actually received by the date that is earlier of (i) fifteen days after the entry of the Interim Order, or (ii) five business days before the Final Hearing.

18.  In order to resolve any objections within thirty-day period following the Petition Date, the Debtor requests that the Court schedule the Final Hearing on any unresolved objections approximately twenty-five days after the Petition Date.

**E.  Subsequent Modifications of the Utility Service List**

19.  The Debtor has made a good-faith effort to identify all Utility Companies, and such Utility Companies are included on the attached Utility Service List.  Should the Debtor have inadvertently failed to list any Utility Company on the Utility Service List, the Debtor will promptly file amendments to the list and shall serve copies of the Motion, the Interim Order, and the Final Order (when and if entered) on such newly identified Utility Companies.

20.  The Debtor further requests that the Court make the Interim Order and Final Order binding on all Utility Companies, regardless of when each Utility Company was added to the Utility Service List, provided that any such newly identified Utility Company shall have until the later of (i) fourteen days from the date of such service or (ii) thirty days from the date of entry of the Interim Order to file and serve an objection to the Proposed Adequate Assurance.

## SATISFACTION OF BANKRUPTCY RULE 6003

21.  Bankruptcy Rule 6003 provides that to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to twenty one days after the Petition Date. Fed. R. Bankr. P. 6003.  As described above, the Debtor's business operations rely heavily on the smooth functioning of its property and timely payment to the Utility Companies.  The Debtor submits that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor, as described herein, and that Bankruptcy Rule 6003 has been satisfied.

**WAIVER OF BANKRUPTCY RULES 6004(a) and (h)**

22. To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**RESERVATION OF RIGHTS**

23. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtor or the existence of any lien against the Debtor's property; (b) a waiver of the Debtor's right to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code Section 365; or (f) otherwise affecting the Debtor's rights under Bankruptcy Code Section 365 to assume or reject any executory contract with any party subject to the proposed Order once entered.

**NOTICE**

24. Notice of this Application has been provided by overnight delivery, hand delivery, email, or facsimile to: (a) the United States Trustee for the Northern District of Texas; (b) the Debtor's secured creditor, Luminant; (c) the twenty largest unsecured creditors of the Debtor; (d) the Internal Revenue Service and other governmental entities listed on the attached service list, and (e) each Utility Company listed on **Exhibit A** to this Motion. The Debtor submits that, under the circumstances, no other or further notice is required.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, (i) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of prepetition amounts outstanding or on account of any

perceived inadequacy of the Debtor's proposed adequate assurance; (ii) determining that the Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (iii) approving the Debtor's proposed offer of adequate assurance; (iv) determining that the Debtor is not required to provide any additional adequate assurance beyond what is proposed by this Motion, and (v) granting such other and further relief as the Court deems just and proper.

Respectfully submitted: July 1, 2021

**FERGUSON BRASWELL FRASER KUBASTA PC**

By: /s/ *Rachael L. Smiley*
Rachael L. Smiley (State Bar. No.24066158)
Alex Campbell (State Bar No. 24095536)
2500 Dallas Parkway, Suite 600
Plano, TX 75093
Phone: 972-378-9111
Fax:    972-378-9115
rsmiley@fbfk.law
acampbell@fbfk.law

**PROPOSED COUNSEL FOR DEBTOR IN POSSESSION**

## Certificate of Service

I certify that on July 1, 2021, a copy of the foregoing document was served electronically on the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas and, by email and/or US Mail upon (i) the parties listed on the attached service list, and (ii) upon the Utility Companies listed on the attached **Exhibit A.**

/s/ *Rachael L. Smiley*
Rachael L. Smiley

## **EXHIBIT A**

## **Utility Service List**

| Utility Company | Notice Address | Account Number(s) | Account Type | Adequate Assurance |
|---|---|---|---|---|
| Vonnage | 23 Main Street, Holmdel, NJ 07733 | 1013622907 | Phone | Account is current will be kept current |
| MetroFax | 13400 NE 20th Street Suite 49 Bellevue, WA 98005 | 19726926876 | Fax | Account is current will be kept current |