IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re | § § § | Chapter 11 |
| POGO ENERGY, LLC, | § § § § | Case No. 21-31224-MVL |
| Debtor. | § § § | |

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR AN INTERIM AND FINAL ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; AND (II) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE SERVICES**

On the *Emergency Motion for an Interim and Final Order (i) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service; and (ii) Determining Adequate Assurance of Payment for Future Services* (the "**Motion**") filed by chapter 11 debtor Pogo Energy, LLC (the "**Debtor**"), requesting an order (i) prohibiting the Utility Companies[1] from altering, refusing, or discontinuing Utility Services; (ii) deeming the Utility Companies adequately assured of future performance; (iii) determining that the Debtor is not required to provide any additional adequate

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

assurance beyond what is proposed in the Motion; and (iv) setting a final hearing on the Debtor's proposed adequate assurance procedures, all as more fully set forth in the Motion, and on the *Declaration of Phillip Terry in Support of First Day Motions and Applications*, dated July 1, 2021; the Court finds the following:

- (a) The Court has jurisdiction over this matter under 28 U.S.C. § 1334;
- (b) The Court can hear and determine the Motion in accordance with 28 U.S.C. § 157 and the District Court's standing order of reference;
- (c) This is a core proceeding under 28 U.S.C. § 157(b);
- (d) Venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409;
- (e) The relief requested in the Motion is in the best interest of the Debtor's estate, its creditors, and other parties in interest;
- (f) The Debtor has provided adequate notice of the Motion and the opportunity for hearing on the Motion under the circumstances and for the purpose of the relief requested, and no other or further notice is required beyond what is required by this Order;
- (g) The Debtor requires immediate relief to avoid irreparable harm that could occur in the event that the Debtor's Utility Services were disrupted; and
- (h) The legal and factual bases set forth in the Motion establish just case for the relief granted herein.

Having reviewed the Motion and heard the statements in support of the relief requested therein at a hearing, if any, before the Court, and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

(1) The Motion is GRANTED on an interim basis as set forth herein;

(2) Absent any further order of this Court, the Utility Companies are prohibited from discontinuing, altering, or refusing service to the Debtor on account of any unpaid prepetition charges, or requiring payment of an additional deposit or receipt of other security in connection with any unpaid prepetition charges.

(3) The Debtor is authorized but not directed to pay, post-petition, in accordance with their prepetition practices, all undisputed invoices for utility services provided by the Utility Companies to the Debtor, including the payment of any amounts for the "stub" period of prepetition utility service without the necessity for separate billings.

(4) The Debtor is authorized to supplement, as necessary, the Utility Service List, and shall serve copies of the Motion, the Interim Order, and the Final Order (if and when entered) on such newly identified Utility Companies.

(5) The Interim Order and Final Order (if and when entered) shall be binding on all Utility Companies providing Utility Services to the Debtor, regardless of when each Utility Company was added to the Utility Service List.

(6) Any such newly identified Utility Company shall have until the later of (i) fourteen days from the date of such service or (ii) thirty days from the date of this Interim Order to file and serve and objection to the Proposed Adequate Assurance. Any such request must actually be received by the Debtor by the applicable deadline.

(7) This Interim Order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

(8) Objections, if any, that relate to the Motion (other than objections to Proposed Adequate Assurance by the Utility Companies) shall be filed and served within twenty-one days from the Petition Date (the "**Objection Deadline**"). Any objection shall set forth in writing and with particularity the factual and legal basis of the objection.

(9) Unless an objection is filed and served by the Objection Deadline, all interested parties who have received actual or constructive notice hereof shall be deemed to have waived and released any right to assert an objection to the Motion and to have otherwise consented to the relief requested in the Motion and any attachments to the same and shall be forever barred and estopped from asserting any objection to the Motion or the relief granted.

(10) The Final Hearing, if required, on the Motion will be held on _____, 2021 at _____ (prevailing Central time). However, if no objections to the Motion are filed by the Objection Deadline, this Interim Order shall be deemed a Final Order and immediately effective as a Final Order, without further hearing on the Motion.

(11) Any and all payments arising under, arising in connection with, or authorized to be made by this Order, or otherwise relating to the relief requested in the Motion, shall be subject to, as applicable, any interim and final orders of this Court in these chapter 11 cases authorizing the Debtor's use of cash collateral.

(12) The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this order.

**ORDER REGARDING DEBTOR'S UTILITY SERVICE** 4

(13)  Within three business days of entry of this Interim Order, the Debtor shall serve this Interim Order via first class mail on the Utility Companies and each other party that the Debtor believes could be directly affected by the Order.

(14)  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this order.

(15)  Nothing in this order or the Motion shall be deemed to constitute the post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code.

(16)  The Debtor's service of this Interim Order upon a company or a Utility Company's inclusion on the Utility Services List shall not constitute an admission or concession that any such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor retains all rights and defenses with respect thereto.

(17)  Bankruptcy Rule 6003 has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

(18)  Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# EXHIBIT A

# UTILITY SERVICE LIST

## Utility Service List

| Utility Company | Notice Address | Account Number(s) | Account Type | Adequate Assurance |
|---|---|---|---|---|
| Vonnage | 23 Main Street, Holmdel, NJ 07733 | 1013622907 | Phone | Account is current will be kept current |
| MetroFax | 13400 NE 20th Street Suite 49 Bellevue, WA 98005 | 19726926876 | Fax | Account is current will be kept current |