

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed December 22, 2021**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re** | § | **Chapter 11** |
| | § | |
| **POGO ENERGY, LLC,** | § | **Case No. 21-31224-MVL** |
| | § | |
| | § | |
| **Debtor.** | § | |
| | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING FIRST
AMENDED PLAN OF REORGANIZATION OF POGO ENERGY, LLC
<u>PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

In considering confirmation of the *First Amended Plan of Reorganization of Pogo Energy, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 153] (including the Plan Supplement, as defined below, the "**Plan**") filed with this Court on December 20, 2021, this Court, after due notice and a hearing, previously entered an order dated November 9, 2021: (i) scheduling a combined hearing on (a) the adequacy of the Disclosure Statement and (b) confirmation of the Plan; (ii) approving the form and manner of notice of the Combined Hearing and related deadlines; (iii) fixing deadline to object to the Disclosure Statement and Plan; and (iv) approving the notice and objection procedures for the assumption of executory contracts and

1

unexpired leases [Docket No. 124] (the "**Combined Hearing Order**").[1]

The Disclosure Statement, the Plan, the Combined Hearing Order, and the *Notice of: (I) Combined Hearing on (A) Approval of the Disclosure Statement and (B) Confirmation of the Plan of Reorganization of Pogo Energy, LLC Pursuant to Chapter 11 of the Bankruptcy Code, and (II) Related Solicitation Procedures and Deadlines* [Docket No. 136] (the "**Combined Notice**") having been distributed or made available to holders of Claims[2] against or Equity Interests in the Debtor and other parties in interest as provided in the Combined Hearing Order; and the Plan Supplement to the Plan having been filed with the Court on December 7, 2021 [Docket No. 143] and an amended Plan Supplement filed with the Court on December 20, 2021 [Docket No. 158] (together, the "**Plan Supplement**"); the Court having conducted the hearing before this Court on December 21, 2021 to consider confirmation of the Plan and approval of the Disclosure Statement (the "**Combined Hearing**"); the Disclosure Statement having been approved by the Court contemporaneously herewith by separate order; and due notice of the Plan and the Combined Hearing having been provided to holders of Claims against or Equity Interests in the Debtor and other parties in interest in accordance with: the Combined Hearing Order, title 11 of the United States Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**"), as established by the Certificate of Service

---

[1] *Order Granting Debtor's Motion for Entry of an Order: (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan; (II) Approving Form and Manner of Notice of Combined Hearing and Related Deadlines; (III) Fixing Deadline to Object to Disclosure Statement and Plan; (IV) Approving the Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; and (V) Granting Related Relief* [Docket No. 124].

[2] Capitalized terms not otherwise defined in this Order shall be given the meaning assigned to them in Article 1.2 of the Plan.

filed with this Court [Docket No. 146] (the "**Certificate of Service**"), and such notice being adequate and sufficient under the circumstances with no further notice being required; and after full consideration of (i) the Plan, (ii) the Plan Supplement; (iii) the *Certification of Tabulation of Ballots with Respect to Voting on the Plan of Reorganization of Pogo Energy, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 152] (the "**Voting Certification**"); and (iv) any and all filed objections to confirmation of the Plan, the evidence presented, arguments of counsel; and the Court having taken judicial notice of the pleadings and evidence presented in this Chapter 11 Case and upon consideration of the record before it, the Court finds and concludes that, as reflected by this Court's rulings made herein and at the Combined Hearing (which rulings by this Court at the Combined Hearing are incorporated herein for all purposes), good and sufficient cause exists to confirm the Plan.

## I. Findings and Conclusions

### A. Findings and Conclusions Under Bankruptcy Rules 7052 and 9014.

1.      The findings and conclusions set forth herein and in the record of the Combined Hearing constitute this Court's findings of fact and conclusions of law under Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

### B. Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).

2.      This Court has jurisdiction over the Chapter 11 Case under 28 U.S.C.§ 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. §§ 157(b)(2)(L) and (O) and this Court has jurisdiction to enter a final order with respect thereto. The Debtor is an eligible debtor under Bankruptcy Code § 109. Venue is proper before this Court under 28 U.S.C. §§

1408 and 1409.

### C. Commencement of the Case

3.      **Petition Date**. On July 1, 2021 (the "**Petition Date**") Pogo Energy, LLC ("**Debtor**") filed a voluntary petition under Chapter 11 of the Bankruptcy Code initiating the Chapter 11 Case.

4.      **No Committees**. No committee of unsecured creditors, nor any other official committee, has been appointed in the Chapter 11 Case.

5.      **Judicial Notice**. This Court takes judicial notice of the record of this Chapter 11 Case, including without limitation: (i) as appropriate, proofs of claims filed in the Chapter 11 Case, and (ii) the docket of the Chapter 11 Case maintained by the Clerk of this Court and pleadings reflected therein, including, without limitation, all pleadings and other documents filed, and all orders entered. In addition, all evidence proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case is hereby admitted and made a part of the record regarding confirmation of the Plan.

### D. Compliance with Bankruptcy Code Confirmation Requirements

6.      **Burden of Proof**. The Debtor has met its burden of proving the elements of Bankruptcy Code § 1129 by a preponderance of the evidence.

7.      **Bankruptcy Rule 3016(a)**. The Plan is dated and identifies the Debtor as the Plan proponent, thereby satisfying Bankruptcy Rule 3016(a).

8.      **Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))**. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(1):

> a)      **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))**. As required by Bankruptcy Code § 1123(a)(1), in addition to Administrative Claims, and Priority Tax Claims, which need not be classified, Plan Article 3 designates three

Classes of Claims against and Equity Interests in the Debtor. As required by Bankruptcy Code § 1122(a), the Claims (to the extent treated as a Class) placed in each Class are substantially similar to other Claims in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan. Thus, the Plan satisfies Bankruptcy Code §§ 1122 and 1123(a)(1).

b) **Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))**. Plan Article 3 specifies that Class 1 is unimpaired under the Plan, thereby satisfying Bankruptcy Code § 1123(a)(2).

c) **Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))**. Plan Article 3 designates Classes 2–4 as impaired, and Plan Article 3.3 sets forth the treatment of such impaired Classes, thereby satisfying Bankruptcy Code § 1123(a)(3).

d) **No Discrimination (11 U.S.C. § 1123(a)(4))**. Plan Article 3 provides for the same treatment by the Debtor for each Claim in each respective Class, unless the holder of a particular Claim has agreed to a less favorable treatment in respect of such Claim, thereby satisfying Bankruptcy Code § 1123(a)(4).

e) **Implementation of the Plan (11 U.S.C. § 1123(a)(5))**. As required by Bankruptcy Code § 1123(a)(5), Plan Article 4 provides for adequate means for implementation of the Plan, including without limitation, (a) the continued existence of the Reorganized Debtor; (b) the vesting of assets in the Reorganized Debtor; (c) the cancellation of notes, instruments, and other documents; (d) exemption from certain transfer taxes under Bankruptcy Code § 1146; (e) preservation of Causes of Action; and (f) effectuating of documents and further transactions by the Reorganized Debtor.

f) **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))**. No Securities will be issued under the Plan, thereby satisfying Bankruptcy Code § 1123(a)(6).

g) **Designation of Managers, Directors and Officers of the Debtors(11 U.S.C. § 1123(a)(7))**. In accordance with Bankruptcy Code § 1123(a)(7), Plan Article 4 provides that Phillip Terry will continue to serve as CEO of the Reorganized Debtor and will have authority to provide any approvals, authorizations, actions, or consents necessary for the Reorganized Debtor to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

h) **Additional Plan Provisions (11 U.S.C. § 1123(b))**. The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1123(b).

i) **Impairment/Unimpairment of Any Class of Claims or Equity Interests(11 U.S.C. § 1123(b)(1))**. Under the Plan, Class 1 is unimpaired and all other Classes are impaired, as contemplated by Bankruptcy Code § 1123(b)(1).

j) **Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2))**.

Plan Article 5 provides for the assumption of Executory Contracts and unexpired leases of the Debtor on the Confirmation Date in accordance with Bankruptcy Code §§ 365 and 1123, other than (a) Executory Contracts previously rejected under an order of the Bankruptcy Court, (b) Executory Contracts that are the subject of a motion to reject that is pending on the Rejection Date, and (c) the Specified Contracts that the Debtor elects to assume or reject under the Plan, which may be amended at any time under Plan Article 5.3. This Confirmation Order constitutes an order of this Court under Bankruptcy Code § 365 approving the assumption, rejection, or assignment of such Executory Contracts as of the applicable dates and in accordance with the Executory Contract provision provided in the Plan or herein, as applicable, unless such Executory Contract is subject to a dispute as of the Confirmation Date, as set forth in Article 5.5 of the Plan, in which case the procedures for the assumption or rejection of disputed contracts under Article 5.5 of the Plan shall apply. Timely objections to assumption and cure were filed by CenterPoint Energy Houston Electric, LLC [Docket No. 149], AEP Texas Inc. [Docket No. 150], and Oncor Electric Delivery Company LLC [Docket No. 154] (together the "**Cure Objections**"), and such Executory Contracts that are the subject of the Cure Objections are disputed contracts for the purposes of the procedures set forth in Article 5.5 of the Plan.

k) **Settlement and Retention of Claims (11 U.S.C. § 1123(b)(3)**. Plan Article 4.5 provides for the retention of claims and other rights belonging to the Debtor. Plan Article 9.4 provides for the Debtor's release of certain claims and other rights with respect to certain released parties.

l) **Modification of Rights (11 U.S.C. § 1123(b)(5))**. Plan Article 9.5 provides that on the Effective Date all Liens, pledges or other security interests against any property of the Estate will be fully released and discharged, and all of the rights, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests will revert to the Reorganized Debtor and its successors and assigns.

m) **Other Appropriate Provisions (11 U.S.C. § 1123(b)(6))**. The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, (a) provisions for distributions to holders of Claims or Equity Interests, (b) allowance and disallowance of certain Claims, (c) the release of certain Liens, (d) releaseby the Debtor of the Released Parties and (e) exculpations of the Exculpated Parties.

n) **Cure of Defaults (11 U.S.C. § 1123(d)**). The Plan, including the Plan Supplement, provides for the cure of certain defaults in accordance with the underlying agreement and applicable nonbankruptcy law. Accordingly, the Plan complies with Bankruptcy Code § 1123(d).

9. **The Debtor's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))**. The

Debtor, as the Plan proponent, has complied with the applicable provisions of the Bankruptcy

Code. The Debtor is an eligible debtor under Bankruptcy Code § 109:

a)      The Debtor has complied with applicable provisions of the BankruptcyCode, except as otherwise provided or permitted by orders of this Court; and

b)      The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating the votes on the Plan.

10.      **Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))**. The Debtor has proposed the Plan (including the Plan Supplement, and all other documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code §1129(a)(3). The Debtor's good faith is evident from the fact and record of the Chapter 11 Case, the Disclosure Statement, and the record of the Combined Hearing and other proceedings held in the Chapter 11 Case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's assets and expeditiously distributing that value to creditors. The Plan was negotiated at arms' length among the Debtor and claimants and parties in interest. Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith, at arms' length, and are consistent with Bankruptcy Code §§ 1122, 1123(b)(6), 1129, and 1142, and are each necessary for the Estate's successful maximization of value for claimants. Such provisions were not included in the Plan for any improper purpose.

11.      **Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))**. Any payment made or to be made by the Debtor, the Estate, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case before Confirmation of the Plan, has been approved by, or is subject to the approval of this Court as reasonable, thereby

satisfying Bankruptcy Code § 1129(a)(4).

12.    **Managers, Directors, and Officers (11 U.S.C. § 1129(a)(5))**. The Debtor has complied with Bankruptcy Code § 1129(a)(5). Phillip Terry will serve as the CEO of the Reorganized Debtor. The appointment of Mr. Terry is consistent with the interests of the Estate and with public policy.

13.    **No Rate Changes (11 U.S.C. § 1129(a)(6))**. Bankruptcy Code § 1129(a)(6) is satisfied because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

14.    **Best Interests of Creditors (11 U.S.C. § 1129(a)(7))**. Especially in consideration of the Court-approved compromises incorporated under the Plan, the "best-interests" test is satisfied with respect to each Class of Impaired Claims. As demonstrated by the evidence proffered or adduced at the Confirmation Hearing each Holder of an Impaired Claim against the Estate either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. Accordingly, the Plan satisfies Bankruptcy Code § 1129(a)(7).

15.    **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))**. Class 1 is Unimpaired by the Plan; accordingly, holders of Claims in such Class are conclusively presumed to have accepted the Plan under Bankruptcy Code § 1126(f). The Class 2 Luminant Secured Claim, Class 3 General Unsecured Claims, and Class 4 Equity Interests (together, the "**Impaired Accepting Classes**"), are impaired by the Plan and entitled to vote, and have voted to accept the Plan, in accordance with Bankruptcy Code § 1126(b) and (c).

16.    **Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C.**

**§ 1129(a)(9)).** The treatment of Administrative Claims and Priority Tax Claims under Plan Article 2 satisfies the requirements of Bankruptcy Code § 1129(a)(9) by providing for payment in full in accordance with the terms of the Plan. Any Holder of an Administrative Claim or Priority Tax Claim may agree to less favorable treatment than that described in Plan Article 2.

17. **Acceptance by Impaired Class of Claims (11 U.S.C. § 1129(a)(10))**. All Classes except for Class 1 are impaired under the Plan and entitled to vote. With respect to all remaining Classes entitled to vote on the Plan, one or more Holders voted in each remaining non-insider Class. Of each voting Class, all voted to accept the Plan by the requisite majorities, determined without including any acceptance of the Plan by any insider, if any. Therefore, the Plan satisfies Bankruptcy Code § 1129(a)(10).

18. **Feasibility (11 U.S.C. § 1129(a)(11))**. The information in the Disclosure Statement and evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor. Therefore, the Plan satisfies Bankruptcy Code § 1129(a)(11).

19. **Payment of Fees (11 U.S.C. § 1129(a)(12))**. All fees due and payable under § 1930 of chapter 123 of title 28, United States Code, as determined by the Bankruptcy Code, have been or will be paid on or before the Effective Date under Plan Article 2.5, thereby satisfying the requirements of Bankruptcy Code § 1129(a)(12).

20. **Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))**. The Debtor is not obligated to pay postpetition health, welfare, or retirement benefits, and accordingly, the requirements of Bankruptcy Code § 1129(a)(13) are inapplicable in the Chapter 11 Case.

21. **No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))**. The Debtor is not

required by a judicial or administrative order, or by statute, to pay a domestic support obligation; accordingly, Bankruptcy Code § 1129(a)(14) is inapplicable in the Chapter 11 Case.

22. **Debtor is not and Individual (11 U.S.C. § 1129(a)(15))**. The Debtor is not an individual; accordingly, Bankruptcy Code § 1129(a)(15) is inapplicable in the Chapter 11 Case.

23. **No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))**. Bankruptcy Code § 1129(a)(16) is inapplicable as it only applies to the "transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation, or trust[,]" and the Debtor is a moneyed business or commercial corporation.

24. **No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))**. Since every voting Class has voted in favor of the Plan, there is no Bankruptcy Code requirement that the Plan not unfairly discriminate or be fair and equitable. Nevertheless, even if Bankruptcy Code § 1129(b) were applicable, the Plan does not unfairly discriminate and is fair and equitable.

25. **Only One Plan (11 U.S.C. § 1129(c))**. The Plan is the only Chapter 11 plan that has been filed in the Chapter 11 Case. Accordingly, Bankruptcy Code § 1129(c) is inapplicable in this Chapter 11 Case.

26. **Principal Purpose of the Plan (11 U.S.C. § 1129(d))**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, thereby satisfying Bankruptcy Code § 1129(d).

27. **Not Small Business Case (11 U.S.C. § 1129(e))**. This is not a small business case, and accordingly, Bankruptcy Code § 1129(e) is not applicable.

### E. Compliance with Bankruptcy Code § 1125 Requirements

28. **Good-Faith Solicitation (11 U.S.C. § 1125(e))**. Based on the record before the Court, the Debtor and its respective Professionals are deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code,

including without limitation, Bankruptcy Code § 1125(a) and (e), and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation and therefore will not, on account of such solicitation, be liable at any time for any violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan and are entitled to the protections afforded by Bankruptcy Code § 1125(e) and the exculpation provisions set forth in Plan Article 9.6.

### F.   Compliance with Bankruptcy Code § 1126

29.      **Acceptance of Plan (11 U.S.C. § 1126)**. Under Bankruptcy Code § 1126, the Plan has been accepted by all of the impaired accepting Classes.

### G.   Compliance with Bankruptcy Rule 3019

30.      **Plan Modifications**. Only certain nonsubstantive or technical modifications to the Plan have been made since acceptance. Such modifications have been made at the request and acceptance of the holders of certain claims whose treatment would be affected by the modifications. Therefore, the requirements of Rule 3019 have been met.

### H.   Executory Contracts

31.      **Debtor's Sound Business Judgment**. The Debtor has exercised sound business judgment in determining to cure and assume certain Executory Contracts, and to reject all other Executory Contracts for which cure and assumption has not been provided for, in accordance with Plan Article 5. Each rejection of an Executory Contract as provided in Plan Article 5, if any, will be legal, valid, and binding on the Debtor and all non-debtor counterparties to such Executory Contracts, all to the same extent as if such assumption or rejection has been effectuated under an appropriate authorizing order of this Court before the Effective Date under Bankruptcy Code §365. Each rejection of an Executory Contract as provided in Plan Article 5 will include all

exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such Executory Contract. Assumption of any Executory Contract, under the Plan or otherwise, will result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, and the deemed waiver of any termination right or remedial provision arising under any such Executory Contract at any time before the date of its assumption. On the Confirmation Date, each Executory Contract assumed under Plan Article 5 or any order of the Bankruptcy Court will vest in, and be fully enforceable by, the Debtor in accordance with its terms, except as such terms are modified by the provisions of the Plan or any order of the Bankruptcy Court, unless such Executory Contract is subject to a dispute as of the Confirmation Date, as set forth in Article 5.5 of the Plan, in which case the procedures for the assumption or rejection of disputed contracts under Article 5.5 of the Plan shall apply. Notwithstanding the foregoing, nothing in the Plan or this Confirmation Order releases, nullifies, precludes, abrogates or alters (i) the terms of the Standard Form Market Participant Agreement to which the Debtor and ERCOT are parties (the "**SFA**"), (ii) any of the ERCOT Protocols (as defined in the SFA), or (iii) any of the policies, rules, guidelines, procedures, standards and criteria of ERCOT.

## I. Exculpations, Injunctions, and Releases

32. This Court has jurisdiction under §§ 1334(a) and (b) of title 28 of the United States Code to approve the exculpation, injunctions, and releases set forth in Plan Article 9. The Bankruptcy Code permits issuance of the injunctions and approval of the releases and exculpations set forth in Plan Article 9. Such provisions are fair and reasonable and are in the best interests of the Debtor, the Estate, and parties-in-interest. Further, the exculpation provisions in the Plan do not relieve any party of liability for an act or omission to the extent such act or omission is determined by a

Final Order to have constituted willful misconduct, fraud, or gross negligence. Based on the record of the Chapter 11 Case the evidence proffered, adduced, or presented at the Confirmation Hearing, this Court finds that the injunctions, exculpations, and releases set forth in Plan Article 9 are consistent with the Bankruptcy Code and applicable law and essential, negotiated components of the Plan.

### J. Other Findings

33. <u>Bankruptcy Code § 1129 Is Satisfied</u>. Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code § 1129.

## II. Order Confirming Chapter 11 Plan of Reorganization

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

34. **Confirmation**. The Plan and each of its provisions is confirmed under Bankruptcy Code § 1129.

35. **Objections**. The formal objections filed to the Plan or made at the confirmation hearing and any such reservations of rights filed by parties-in-interest, to the extent they are objections to the Plan, have been resolved or withdrawn or, to the extent still outstanding, are hereby overruled.

36. **Binding Effect**. Subject to the occurrence of the Effective Date, on and after that Effective Date, the provisions of the Plan will bind the Debtor and any current or former Holder of a Claim against, or Equity Interest in, the Debtor and such Holder's respective successors and assigns, whether or not the Claim or Equity Interest of such Holder is entitled to any distribution under the Plan.

37. **Plan Classification Controlling**. The classification of Claims and Equity Interests for purposes of the distributions to be made under the Plan will be governed solely by the terms of the Plan. The classification set forth on the Ballots tendered or returned by creditors in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting

to accept or reject the Plan; (b) do not necessarily represent, and in no event will be deemed to modify or otherwise affect, the actual classification of such Claims and Equity Interests under the Plan for distribution purposes; and (c) will not be binding on the Debtor for purposes other than voting on the Plan.

38.     **Distributions Under the Plan**. All distributions under the Plan will be made in accordance with Plan Article 6.

39.     **Vesting of Assets (11 U.S.C. § 1141(b) and (c))**. On the Confirmation Date, all property of the Debtor's Estate and any property acquired by the Debtor or Reorganized Debtor under the Plan will vest in the Reorganized Debtor.

40.     **General Authorization**. The Debtor, or the Reorganized Debtor as the case may be, is authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements and to take such other actions as may be necessary to effectuate and further evidence the terms and conditions of the Plan. As of the Confirmation Date, the Reorganized Debtor and its respective directors, officers, members, agents, attorneys, financial advisors, and investment bankers are authorized and empowered, under Bankruptcy Code § 1142(b), and other applicable state laws: (a) to execute or deliver, or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by the Plan; (b) to perform any other act that is appropriate for the consummation of the Plan in accordance with its terms; and (c) to take or to cause be taken all corporate or limited-liability-company actions necessary or appropriate to implement all provisions of, and to consummate, the Plan before, on, and after the Effective Date, and all such actions appropriately taken or caused to be taken will be deemed to have been authorized and approved by this Court without further approval, act, or action under any applicable law, order, rule, or regulation. The approvals and authorizations specifically set

forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Debtor, the Reorganized Debtor, or any member, manager, or officer thereof to take any and all actions appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order in accordance with Bankruptcy Code § 1142(b). Under Bankruptcy Code § 1142, to the extent that, under applicable non-bankruptcy law, any of the foregoing actions otherwise would require the consent or approval of the members, managers, shareholders, or board of directors or board of managers of the Debtor, this Confirmation Order will constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the decision-making entity or individual of the Debtor. Any documents contemplated herein will be accepted by each of the respective state filing offices and recorded, if required, in accordance with applicable state law and will become effective in accordance with their terms and the provisions of state law.

41.     **Payment of Statutory Fees**. All fees due and payable under section 1930 of title 28 of the United States Code, as determined by this Court, will be paid on the Effective Date without the need to file any applications with this Court. The Debtor will (a) continue to pay all fees due and payable under section 1930 of title 28 of the United States Code until the closing, conversion, or dismissal of the Chapter 11 Case and (b) provide the required post-confirmation reporting to the U.S. Trustee until the Chapter 11 Case is closed.

42.     **Governmental Approvals Not Required**. This Confirmation Order will constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

43.     **Filing and Recording**. This Confirmation Order: (a) is and will be effective as a

determination that, on the Effective Date, all Claims and Equity Interests existing prior to such date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan, and (b) is and will be binding on and will govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state,and local officials, and all other persons and entities who may be required, by operationof law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each federal, state, and local government agency is hereby directed to accept any documents or instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

44. **Exemption from Transfer Taxes**. In accordance with Bankruptcy Code § 1146(c), the issuance, transfer, or exchange of assets under the Plan by the Debtor or the Reorganized Debtor, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or instrument of transfer under, in furtherance of, or in connection with the Plan, will not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

45. **<u>Discharge of the Debtor</u>. In accordance with § 1141(d) of the Bankruptcy Code and effective as of the Effective Date, and except as otherwise specifically provided in the Plan: (a) the distributions, rights, and treatment that are provided in the Plan will be in complete satisfaction, discharge, and release of all Claims and Equity Interests of any**

16

nature whatsoever, including any interest accrued on Claims or Equity Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against and Equity Interests in, the Debtor, the Reorganized Debtor, or any of its assets, properties or Estate, regardless of whether any property will have been distributed or retained under the Plan on account of such Claims and EquityInterests, including demands, liabilities, and Causes of Action that arose before the Effective Date; (b) the Plan will bind all Holders of Claims and Equity Interests, notwithstanding whether any such Holders failed to vote to accept or reject the Plan or voted to reject the Plan; (c) all Claims and Equity Interests will be satisfied, discharged, and released in full, and the Debtor's liability with respect thereto will be extinguished completely, including all debts of the kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code, in each case whether or not: (i) a Proof of Claim based upon such debt, right, or Equity Interestis filed or deemed filed under § 501 of the Bankruptcy Code; (ii) a Claim or Equity Interest based upon such debt, right, or Equity Interest is Allowed; or (iii) the Holder of such a Claim or Equity Interest has accepted the Plan or is entitled to receive a Distribution under the Plan; and (d) all Entities will be precluded from ever asserting against the Debtor, the Debtor's Estate, the Reorganized Debtor, their successors and assigns, or their assets and properties any Claims and Equity Interests based upon any documents, instruments, or any act or omission, transaction, or other activity of any kind or nature that occurred before the Effective Date. This Confirmation Order is a judicial determination of the discharge of all Claims and Equity Interests in accordance with Plan Article 9.2, subject to the Effective Date occurring.

46. **Release of Liens**. Except as otherwise provided in the Plan or in any contract,

17

instrument, release, or other agreement or document entered into or delivered in connection with the Plan, including the RSA and other agreements that may be entered into between the Debtor and Luminant pursuant to the Plan, on the Effective Date all mortgages, deeds of trust, Liens, pledges or other security interests against any property of the Estates will be fully released and discharged, and all of the rights, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests will revert to the Reorganized Debtor and its successors and assigns. Notwithstanding the foregoing, Dallas County and Irving ISD (collectively, the "Tax Authorities") assert claims for year 2021 ad valorem property taxes. The Tax Authorities shall receive payment of their claims in the ordinary course of business prior to the state law delinquency date. The Tax Authorities shall retain their liens that secure all amounts owed until they receive payment in full.

47. **Release by the Debtor**. Except as otherwise specifically provided in the Plan, the implementation of the restructuring contemplated by the Plan and the compromises contained herein, the Released Parties are released and discharged by the Debtor, the Reorganized Debtor and the Estate, including any successor to the Debtor or any Estate representative from all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity, or otherwise, whether for indemnification, tort, contract, violations of federal or state securities laws or otherwise, including those that the Debtor, the Reorganized Debtor, or the Estate would have been legally entitled to assert in their own right or on behalf of the Holder of any

Claim or Equity Interest or any other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Estate, the conduct of the business of the Debtor, the Chapter 11 Case, the subject matter of,or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the restructuring of Claims and Equity Interests before or during the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement, or, in each case, related agreements, instruments, or other documents, any action or omission as an officer, member, agent, representative, fiduciary, controlling person, affiliate, or responsible party, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, gross negligence, fraud, or a criminal act.

48. **Voluntary Release by Holders of Claims**. Except as otherwise specifically provided in the Plan, for good and valuable consideration, including the service of the Released Parties to facilitate the reorganization of the Debtor, the implementation of the restructuring contemplated by the Plan, and the compromises contained therein, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) will be deemed to conclusively, absolutely, unconditionally, irrevocably, and forever release, waive, and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, whether known or  unknown, foreseen or

unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, contract, violations of federal or state securities laws, or otherwise, including those that the Debtor, the Reorganized Debtor, or the Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of a Holder of any Claim or Equity Interest or any other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Estate, the conduct of the businesses of the Debtor, the Chapter 11 Case, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the restructuring of Claims and Equity Interests before or during the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement, or, in each case, related agreements, instruments, or other documents, any action or omission as an officer, member, agent, representative, fiduciary, controlling person, affiliate, or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, gross negligence, fraud, or a criminal act. Each Entity providing releases under the Plan, including each of the Releasing Parties, will be deemed to have granted the releases set forth in those sections notwithstanding that such Entity may hereafter discover facts in addition to, or different from, those which it now knows or believes to be true, and without regard to the subsequent discovery or existence of such different or additional facts, and such Entity expressly waives any and all rights that they may have under any statute or common law principle that would limit the effect

of such releases to those claims or causes of action actually known or suspected to exist at the time of execution of such release.

49. **Exculpation**. Except as otherwise specifically provided in the Plan, the Exculpated Parties will neither have nor incur any liability to any Entity for any Bankruptcy-Related Action; provided that nothing in the foregoing will exculpate any Entity from any liability resulting from any act or omission that is determined by Final Order to have constituted fraud, willful misconduct, gross negligence, or criminal conduct; provided that each Exculpated Party will be entitled to rely upon the advice of counsel concerning his, her, or its duties under or in connection with the Plan or any other related document, instrument or agreement. Notwithstanding anything herein or in the Plan to the contrary, as of the Confirmation Date, under § 1125(e) of the Bankruptcy Code the Exculpated Parties will be deemed to have solicited acceptance of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code, in the offer, issuance, sale, or purchase of a security, offered or sold under the Plan, and will not be liable to any Entity on account of such solicitation or participation. In addition to the protections afforded herein or in Plan Article 9.6 to the Exculpated Parties, and not in any way reducing or limiting the application of such protections, the Bankruptcy Court retains exclusive jurisdiction over any and all Causes of Action asserted against any Exculpated Party for any Bankruptcy- Related Action that are not otherwise exculpated or enjoined by this Plan.

50. **PERMANENT INJUNCTION**. EXCEPT AS OTHERWISE EXPRESSLY PROVIDED HEREIN OR IN THE PLAN FOR OBLIGATIONS ISSUED PURSUANT

**HERETO OR TO THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS, CAUSES OF ACTION, OR EQUITY INTERESTS THAT HAVE BEEN RELEASED OR DISCHARGED UNDER THE PLAN OR ARE SUBJECT TO EXCULPATION UNDER PLAN ARTICLE 9.6 ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTOR, THE REORGANIZED DEBTOR, OR THE RELEASED PARTIES: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR PROCEEDING, OF ANY KIND, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, CAUSES OF ACTION OR EQUITY INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH RELEASED PARTIES ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS, CAUSES OF ACTION, OR EQUITY INTERESTS; (3) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH RELEASED PARTIES OR THE PROPERTY OR ESTATES OF SUCH RELEASED PARTIES ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS, CAUSES OF ACTION, OR EQUITY INTERESTS; (4) ASSERTING ANY RIGHT OF SETOFF OR SUBROGATION OF ANY KIND AGAINST ANY OBLIGATIONS DUE FROM THE DEBTOR OR THE REORGANIZED DEBTOR OR AGAINST THE PROPERTY OR INTERESTS IN PROPERTY OF THE DEBTOR ON ACCOUNT OF ANY SUCH CLAIM, CAUSE OF ACTION OR EQUITY INTEREST; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY**

**ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS, CAUSES OF ACTION, OR EQUITY INTERESTS RELEASED, SETTLED, EXCULPATED, OR DISCHARGED UNDER THE PLAN OR CONFIRMATION ORDER.** Notwithstanding anything in the Plan or this Confirmation Order to the contrary, the Texas Comptroller of Public Accounts' ("Comptroller") statutory and common law setoff rights are fully preserved in accordance with 11 U.S.C. § 553. Nothing in the Plan shall be interpreted to enjoin or limit the Comptroller from asserting those rights. This is not an admission by any party that such setoff rights exist.

51.     __Limitations on Exculpations and Releases__.     Notwithstanding anything contained herein or in the Plan to the contrary, the releases and exculpations contained in the Plan do not release any obligations of any party arising under the Plan or any document, instrument, or agreement executed to implement the Plan.   Nothing in the Plan or this Confirmation Order: (a) releases any person, other than the Debtor and the Reorganized Debtor, from any Claim or cause of action for taxes held by the Comptroller; or (b) enjoins, limits, impairs or delays the Comptroller from commencing or continuing any Claim, cause of action or investigation for taxes against any person other than the Debtor and the Reorganized Debtor. This is not an admission by any party that such liability exists.

52.     __Temporary Injunction__. Upon Confirmation of the Plan, all Holders will be temporarily enjoined from proceeding against any officer, member, employee, or other responsible person of the Debtor or Reorganized Debtor individually, including Phillip Terry (each a "Protected Party" for purposes of this temporary injunction), for the

**collection of all or any portion of their Allowed Claim. This temporary injunction will remain in effect as long as the Reorganized Debtor complies with the terms of the Plan. Specifically, this Article 9.9 enjoins and bars any Holder of such Claim from taking any of the following actions against any Protected Party: (1) commencing or continuing in any manner any action or proceeding of any kind on account of, in connection with, or with respect to such Claim; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against any Protected Party on account of, in connection with, or with respect to such Claim; (3) creating, perfecting, or enforcing any encumbrance of any kind against any Protected Party on account of, in connection with, or with respect to such Claim; (4) asserting any right of setoff or subrogation of any kind against any obligations due from any Protected Party or against property or interests in property of any Protected Party on account of, in connection with, or with respect to such Claim; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of, in connection with, or with respect to such Claim so long as payments to the Holder of such Claim have been made in accordance with Plan Articles 3 and 6.**

53. **Preservation of Insurance.** The Debtor's discharge, exculpation, and release, and the exculpation and release in favor of Released Parties, as provided herein will not diminish or impair the enforceability of any insurance policy that may provide coverage for Claims against the Debtor, the Reorganized Debtor, their current and former members and officers, or any other Person.

54. **Preservation of Rights of Action.** Unless any Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or by a

Final Order, in accordance with Bankruptcy Code § 1123(b), the Reorganized Debtor retains and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Plan Supplement, as set forth in the Plan. The Reorganized Debtor's rights to commence, prosecute, or settle such Causes of Action will be preserved notwithstanding the occurrence of the Effective Date. For the avoidance of doubt, the Debtor's failure to list any Causes of Action in the Disclosure Statement, the Plan, the Plan Supplement, or otherwise in no way limits the rights of the Reorganized Debtor as set forth above. No Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against it as indication that the Debtor or Reorganized Debtor, as applicable, will not pursue any and all available Causes of Action against it. The Debtor or Reorganized Debtor, as applicable, expressly reserves all rights to prosecute any Causes of Action against any Entity, except as otherwise expressly provided in the Plan or this Confirmation Order. The Debtor and Reorganized Debtor expressly waive any potential causes of action under 11 U.S.C. §§ 547 and 550 for the recovery of preferential transfers to the Texas Comptroller of Public Accounts.

55. **Plan Modifications and Amendments**. All modifications and amendments to the Plan following solicitation of the Plan are approved under Bankruptcy Code § 1127(a) and do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019. Subject to the limitations contained in the Plan, the Reorganized Debtor may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with Bankruptcy Code § 1127(b), or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.

56. **Effect of Confirmation on Modification**. Entry of the Confirmation Order will automatically effectuate approval of all modifications and amendments to the Plan following solicitation of the Plan under Bankruptcy Code § 1127(a), and no additional disclosure or re-solicitation under Bankruptcy Rule 3019 will be required.

57. **Administrative Claims Bar Date**. Unless otherwise provided by the Plan, this Confirmation Order, any other applicable order of the Court, or agreed to by the Holder of an Allowed Administrative Claim and the Debtor, all requests for payment of Administrative Claims must be filed and served on the Debtor no later than the Administrative Claims Bar Date. Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims that do not file and serve such a request by the Administrative Claims Bar Date will be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtor, the Reorganized Debtor, or their respective property, and such Administrative Claims will be deemed discharged as of the Effective Date.

58. **Plan-Default Procedures**. Except as otherwise specifically agreed to between a Holder of a Claim and the Debtor, a Plan default will occur if the Reorganized Debtor fails to make a Distribution required under the Plan within the time required by the Plan plus fourteen (14) days (the "**Distribution Grace Period**"). If a Plan Distribution default occurs, except as otherwise set forth in the Plan, the RSA or any other agreement entered into between the Debtor and Luminant, the sole and absolute remedy for any Claim Holder entitled under the Plan to all or a portion of the proceeds from such Distribution on account of such Claim is as follows:

a) Upon expiration of the Distribution Grace Period for Distributions due on the Distribution Date or a Supplemental Distribution Date, the Claim Holder may send written notice of the Plan default to the notice parties identified in Plan Article 12.15 (the "**Notice of Default**").

b) A Claim Holder may send a Notice of Default in connection with the relevant Distribution due on the Distribution Date if such Distribution is not paid within

fourteen (14) business days after the Effective Date.

c)    The Notice of Default must notify the Reorganized Debtor that it has 14 days from receipt of the Notice of Default to cure the default by making the Distribution that was required under the Plan (the "**Notice Period**").

d)    If the Reorganized Debtor makes the required Distribution within the Notice Period, the default will be cured, and the Claim Holder may take no further action with respect to the default.

e)    Within the Notice Period, the Reorganized Debtor may dispute that a default has occurred under the Plan by providing written notice to the Claim Holder of such event, and upon motion by the Claim Holder the Bankruptcy Court will retain jurisdiction to resolve any dispute as to whether a default occurred under the Plan.

f)    In the event (i) the Reorganized Debtor fails to cure or dispute a Notice of Default within applicable Notice Period, or (ii) the Bankruptcy Court rules that a Plan default has occurred in connection with a Notice of Default disputed by the Reorganized Debtor within the relevant Notice Period, then in each case a Plan default will have occurred (each, a "**Plan Default**").

g)    The rights and remedies of all Claims Holders upon Plan Default will be determined by further order of the Bankruptcy Court.

h)    If a Claim Holder sends more than three Notices of Default during the term of the Plan, such Claim Holder will be entitled to file a motion with the Bankruptcy Court requesting that the Default Procedures in Plan Article 12.16 be modified, including shortening or eliminating the Distribution Grace Period and the Notice Period.

i)    With respect to the Class 1 Claim of the Comptroller, the Debtor's failure to make a payment to the Comptroller as required by the Plan shall be an event of default ("**Event of Default**"). The Comptroller shall send notice of the default by email to the Debtor to phil.terry@pogoenergy.com and to Debtor's counsel at rsmiley@fbfk.law. If the Debtor fails to cure an Event of Default within five (5) calendar days after mailing of a written notice of default from the Comptroller to Debtor and Debtor's counsel, the Comptroller may (a) enforce the entire amount of its claim, (b) exercise its rights and remedies under applicable nonbankruptcy law, and (c) seek such relief as may be appropriate in this Court. Cure payments must be made by cashier's check or by wire transfer. Cashier checks should be made payable to the Comptroller of Public Accounts and include Debtor's taxpayer number and bankruptcy case number. Payments must be mailed to:

> Texas Attorney General
> Bankruptcy and Collections Division MC 008
> P. O. Box 12548
> Austin, Texas 78711-2548

Debtor shall be allowed to cure up to two (2) defaults. Upon a third default, the Comptroller, at its option, may declare the default non-curable and proceed to

collect the remainder of the debt.

Notwithstanding the foregoing, nothing herein is intended to, nor shall it be deemed to, conflict with Article VIII of the Plan.

59. **Notice of Entry of Confirmation Order.** In accordance with Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), the Debtor must file and serve notice of entry of this Confirmation Order on all parties entitled to receive notice in the Chapter 11 Case, by causing the Notice of Confirmation Order to be delivered to such parties by first-class mail, postage prepaid, within 14 days after entry of this Confirmation Order; provided, however, that the Confirmation Notice need not be served on any person or entity to whom the Debtor has mailed other notices during the Chapter 11 Case that have been returned as undelivered, unless the Debtor has been informed in writing by such person or entity of that person or entity's new address. Such notice is adequate and sufficient under the particular circumstances and no other or further notice is necessary.

60. **Retention of Jurisdiction.** This Court will retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law, including, without limitation, the matters described in Plan Article XI, as permitted by Bankruptcy Code §§ 105(a) and 1142.

61. **Appeal of Confirmation Order.** Except as otherwise provided in this Confirmation Order, if any of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court, or any other court, such reversal, stay, modification, or vacatur will not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtor or the Reorganized Debtor, as applicable, prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any

28

such act or obligation incurred or undertaken in accordance with, or in reliance on, this Confirmation Order before the effective date of such reversal, stay, modification, or vacatur will be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modification thereto and will remain binding on the Debtor and the Reorganized Debtor, as applicable.

62.     **Immediate Binding Effect.** Notwithstanding Bankruptcy Rules 3020(e), 6004(g), or 7062 or otherwise, upon Confirmation the terms of the Plan and the Plan Supplement will be immediately effective and enforceable and deemed binding upon the Debtor, the Reorganized Debtor, and any Holders of Claims and Equity Interests (irrespective of whether Holders of such Claims or Equity Interests are deemed to have accepted or rejected the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, or injunctions described in the Plan, each Entity acquiring property under the Plan, and any non-Debtor parties to Executory Contracts with the Debtor.

63.     **Continued Effect of Stays and Injunctions.** Unless otherwise provided in the Plan or this Confirmation Order and subject to the Plan default procedures contained in Plan Article 12.16 and paragraph 62 of this Confirmation Order, all injunctions or stays in effect in the Chapter 11 Case under Bankruptcy Code §§ 105 or 362 or any order of the Court that is in existence on the Confirmation Date will remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or this Confirmation Order will remain in full force and effect in accordance with their terms and subject to the Plan default provisions contained in paragraph 62 of this Confirmation Order.

64.     **Substantial Consummation.** On the Effective Date, the Plan will be deemed to be substantially consummated under Bankruptcy Code §§ 1101 and 1127.

65.     **Conflicts Between Confirmation Order and Plan**. The failure to specifically include any particular provision of the Plan in this Confirmation Order or any further order of this Court contemplated by this Confirmation Order will not diminish the effectiveness of such provision, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference. The provisions of the Plan, this Confirmation Order, and any further order of this Court contemplated by this Confirmation Order will be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is any otherwise irreconcilable inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in the Confirmation Order will govern, control, and take precedence. The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of this Court.

66.     **References to and Omissions of Plan Provisions**. References to articles, sections, and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan. The failure to specifically include or to refer to any particular article, section, or provision of the Plan in this Confirmation Order will not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan be confirmed in its entirety, except as expressly modified herein, and incorporated herein by this reference.

67.     **Headings**. Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

68.     **Final Order.** This Confirmation Order is a Final Order and the period in which an appeal must be filed will commence upon the entry hereof.

69.     **Stay of Confirmation Order.** The requirements under Bankruptcy Rule 3020(e) that an

order confirming a plan is stayed until the expiration of 14 days after entry of the order are hereby waived. This Confirmation Order will take effect immediately upon entry on the Chapter 11 Case docket and will not be stayed under Bankruptcy Rules 3020(e), 6004(g), 6006(d), 7062, or otherwise.

70. **Debtor's Actions Post-Confirmation Through the Effective Date.** During the period from entry of this Confirmation Order through and until the Effective Date, the Debtor will continue to operate its business as a debtor in possession, subject to the oversight of the Court as provided under the Bankruptcy Code, the Bankruptcy Rules, and this Confirmation Order and any order of the Court that is in full force and effect.

71. **Post-Confirmation-Date Service.** After serving notice of entry of this Confirmation Order, as set forth above, the Reorganized Debtor is authorized to limit the list of Entities receiving documents under Bankruptcy Rule 2002 to those Entities that have filed renewed requests for service.

### ### END OF ORDER ###

Submitted by:

**FERGUSON BRASWELL FRASER KUBASTA PC**

Rachael L. Smiley (State Bar. No. 24066158)
Alex Campbell (State Bar No. 24095536)
2500 Dallas Parkway, Suite 600
Plano, TX 75093
Phone: 972-378-9111
rsmiley@fbfk.law
acampbell@fbfk.law

*COUNSEL FOR DEBTOR*